Christopher J. Hamner, Esq. (SBN 197117)
**HAMNER LAW OFFICES, APLC**
26565 West Agoura Road, Suite 200-197
Calabasas, California 91302
Telephone: (888) 416-6654
chamner@hamnerlaw.com

Attorneys for Plaintiff, Anthony Shelton, and the proposed class

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY SHELTON, an individual California resident, and the proposed class,<br><br>Plaintiff<br><br>v.<br><br>PARAMOUNT PICTURES CORPORATION, a Delaware corporation, PATRIOT STAFFING AND SERVICES, LLC, a company of unknown form, and DOES 1-10, inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br>1. **VIOLATION OF THE FAIR LABOR STANDARDS ACT (FLSA 29 USC § 201,** *et seq.***)**<br>2. **FAILURE TO PAY WAGES, LABOR CODE §§ 1194, 1997, 1197.1**<br>3. **FAILURE TO PAY OVERTIME WAGES**<br>4. **WAGE STATEMENT VIOLATIONS**<br>5. **FAILURE TO PAY WAGES OF TERMINATED OR RESIGNED EMPLOYEES**<br>6. **UNFAIR BUSINESS PRACTICES (BUS. & PROF. CODE §§ 17200-17208);**<br>7. **INJUNCTION**<br>8. **VIOLATION OF THE PRIVATE ATTORNEYS GENERAL ACT (Labor Code Section 2698** *et seq.***)**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Anthony Shelton, (hereinafter "Plaintiff") on behalf of himself and the proposed class, brings the following causes of action against Defendants.

## I.   THE PARTIES

### A.   The Plaintiff

1. Plaintiff Anthony Shelton is a resident of Long Beach, California. At all relevant times herein, Plaintiff was employed by Defendants as a Information Technology Technician at Paramount Pictures.

### B.   The Defendants

2. Defendant, Paramount Pictures Corporation (herein after "Paramount"), is a Delaware corporation with its corporate office in New York, New York, that owns and operates, and does business in California. Defendants have offices and regularly and systematically do business in Los Angeles County.

3. Defendant, Patriot Staffing and Services, LLC (herein after "Patriot"), is a California corporation company of unknown form that that owns and operates, and does business in California. Defendants have offices in Metuchen, New Jersey and regularly and systematically do business in Los Angeles County.

4. Plaintiff alleges he was jointly employed by Defendants.

5. At all times mentioned herein, each of the Defendants participated in the doing of the acts alleged to have been done by the named Defendants as alleged, as joint employers of Plaintiff and the proposed class and were otherwise the agents, servants, and employees of each and every one of the other Defendants, as well as the agents of all Defendants, and at all times mentioned herein, were acting within the course and scope of said agency and joint employment.

6. At all times mentioned herein, Defendants, and each of them, were members of, and engaged in, a joint venture, joint employer, partnership and common enterprise, and acting within the course and scope of, and in pursuance of said joint venture, partnership and common enterprise.

7. At all times herein mentioned, the acts and omissions of various Defendants, and each of them, occurred with and contributed to the various acts and omissions of each and every one of the other Defendants in proximately causing the complaints, injuries and damages alleged herein.

8. At all times mentioned herein, Defendants, and each of them, approved of, condoned and/or otherwise ratified each and every one of the acts or omissions complained of herein. At all times herein mentioned, Defendants, and each of them, aided and abetted the acts and omissions of each and every one of the other Defendants, thereby proximately causing the damages as alleged.

9. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued here in as DOES 1 through 10, inclusive, are currently unknown to plaintiff, who therefore sues Defendants by such fictitious names under Code of Civil Procedure section 474. Plaintiff is informed and believes, and based thereon alleges, that Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

II. **GENERAL ALLEGATIONS**

10. Plaintiff worked as a information technology ("IT") technician for Defendants from approximately October of 2018 to October of 2019, for Defendants

11. Defendant Patriot placed Plaintiff on an assignment to work as an IT

technician at Paramount.

12. From October 2018 through October 2019, Plaintiff worked overtime for Defendants approximately three times per week.  Plaintiff was not paid for this overtime work.

13. Plaintiff recorded his overtime hours on Defendants online system where employees' hours were gathered and tabulated for payroll purposes.

14. Plaintiff alleges he was not paid for his overtime work for Defendants.  Defendants failed to pay wages, including overtime, and failed to reimburse Plaintiff for business expenses, and mileage.

15. Plaintiff is entitled to regular pay, plus overtime pay for each overtime hour worked traveling to, from, and working for Defendants.

16. Plaintiff was also required to be "on call" and available to assist with any technical issues that arose for Defendant Paramount.  Plaintiff alleges he was not paid for his "on call" time.

17. Plaintiff and the class he seeks to represent are entitled to regular pay, plus overtime pay for each hour worked traveling to and from, preparing for and on call time during for services performed for Defendants.  Plaintiff alleges he and the proposed class were not properly paid, or paid at all for performing "on call" and overtime work for Defendants.

18. Plaintiff alleges he and the proposed class frequently worked 10 hour days, and Defendants failed to pay legal and proper wages, including overtime to Plaintiff and the proposed class.

19. Defendants and/or their managing agents, employees, owners, shareholders, superintendents, managers, or persons acting on their behalf, willfully, intentionally, recklessly, and unlawfully forced the unlawful practices alleged herein on Plaintiff.  At times when Plaintiff and the proposed class performed services for Defendants, both Defendants were acting as Plaintiff's

COMPLAINT

joint employer.

20. Defendants' denial of legal compensation due to Plaintiff was a breach of Defendants' fiduciary duty to Plaintiff, as the denial was deliberate and showed a callous disregard for the rights of Plaintiff, who relied on Defendants to compensate them fairly.

21. Defendants have made it difficult to account with precision for the unlawfully withheld wages and deductions due to Plaintiff during the Liability Period because Defendants did not implement and preserve a record keeping method to record all the unlawful deductions by its employees as required for non-exempt employees by California Labor Code sections 226, 1174(d), and section 7 of the California Wage Orders.

22. On information and belief, Defendants have failed to comply with Labor Code section 226(a) by failing/refusing to itemize in wage statements all deductions from payment of wages by failing/refusing to accurately report total hours worked by Plaintiff.  Plaintiff is entitled to penalties not to exceed $4,000 each pursuant to Labor Code section 226(b).

23. On information and belief, Defendants have failed to comply with Industrial Welfare Commission IWC Wage Order 5-2001(7) by, among other violations, failing to maintain time records showing: (a) when the employee begins and ends each work period, and (b) by itemizing in wage statements all deductions from payment of wages with accurate reporting of total hours worked by Plaintiffs.

24. Plaintiffs are covered by the California Industrial Welfare Commission Occupational Wage Order Nos. 5-2001, 5-1998, California Industrial Welfare Commission in No. 4 (Title 8 Cal. Code of Reg. sections 11040, 11070), and the Labor Code.

25. On January 23, 2020, Plaintiff sent a notice of PAGA claims to

Defendants and the California Labor and Workforce Development Agency (LWDA).

### III. CLASS DEFINITION AND ALLEGATION

26. Plaintiffs seek to represent the following class pursuant to Federal Rule of Civil Procedure Rule 23:

> **All persons in the United States who have worked for Defendants, as an IT technician at Paramount Pictures in California within the last 4 years, and continuing.**

Plaintiff reserves the right to amend this class definition.

### IV. CLASS ALLEGATIONS

27. ***Numerosity.*** The members of the proposed class are so numerous that their individual joinder is impracticable. Plaintiffs are informed and believe, and on that basis allege, that the proposed class contains hundreds of thousands of members. The precise number of proposed class members is unknown to Plaintiffs. The true number of the proposed class is known by the Defendants, however, and thus, may be notified of the pendency of this action by first class mail, electronic mail, and by published notice.

28. ***Existence and Predominance of Common Questions of Law and Fact.*** Common questions of law and fact exist as to all members of the proposed class and predominate over any questions affecting only individual proposed class members. These common legal and factual questions regarding, among other things, whether Plaintiffs and the class they seek to represent were/ are misclassified and are in fact non-exempt hourly sales people, whether the outside sales exception applies here, and whether and how much Defendants owe Plaintiffs and the proposed class in unpaid wages, fees, costs, and other damages and/or penalties, and also involve the following class questions:

(a) what were and are the policies, programs, practices, procedures and protocols of Defendants regarding Plaintiffs and the proposed class members' actual work and tasks and their job duties irrespective of job titles;

(b) whether Defendants are and were subject to overtime requirements contained in the California IWC Wage Orders and other California law with respect to Plaintiffs and the proposed class pursuant to Labor Code section 510, and Wage Order No. 4-2001 for the period commencing four years prior to the date of the filing of this Complaint and continuing through the date of judgment.

(c) whether Defendants' policy and practice of classifying Plaintiffs and the proposed class as exempt from overtime entitlement under California law and Defendants' policy and practice of failing to pay overtime to the proposed class violates applicable provisions of California law, including applicable statutory and regulatory authority;

(d) whether Defendants unlawfully failed to pay overtime compensation in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, et seq., and the California Labor Code and related regulations, Cal Labor Code §§ 201, 202, 203, 226, 510, 1174, 1174.5, and 1194, the applicable Cal. Wage Orders;

(e) whether Defendants violated California law by their policies, programs, practices, procedures and protocols regarding rest periods for Plaintiffs and the proposed class;

(f) what were and are the policies, programs, procedures and protocols of Defendants regarding furnishing Plaintiffs and the proposed class, upon payment of wages, itemized statements required by Labor Code § 226.

COMPLAINT

  (g) whether Defendants violated Business & Professions Code sections 17200 et seq., by their policies, programs, practices, procedures and conduct referred to in this cause of action;

  (h) whether Plaintiffs and the proposed class are entitled to injunctive relief.

29. ***Typicality.*** Plaintiff's claims are typical of the claims of the proposed class.

30. ***Adequacy of Representation.*** Plaintiff will fairly and adequately protect the interests of the members of the proposed class.  Plaintiffs have retained counsel experienced in complex consumer class action litigation.  Plaintiffs intend to prosecute this action vigorously. Plaintiffs have no adverse or antagonistic interests to those of the proposed class.

31. ***Superiority.*** A class action is superior to all other available means for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by individual proposed class members is relatively small compared to the burden and expense that would be entailed by individual litigation of their claims against the defendant.  It would thus be virtually impossible for the class, on an individual basis, to obtain effective redress for the wrongs done to them.  Furthermore, even if proposed class members could afford such individualized litigation, the court system could not.  Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts.  Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action.  By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision

by a single court, and presents no unusual management difficulties under the circumstances here.

## IV. CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**Violation of the Fair Labor Standards Act
("FLSA," 29 U.S.C. § 201, et seq.)**

32. Plaintiff re-alleges and incorporates by this reference each of the foregoing paragraphs as if fully set forth herein.

33. Plaintiff worked for Defendants without receiving the minimum wage for all hours worked, under 29 U.S.C. § 206(a). That Section provides the following: "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the [minimum wage]."

34. Plaintiff alleges Defendants required Plaintiff, as part of his employment, to work without additional compensation, such as overtime pay in excess of the forty hours per week maximum under 29 U.S.C. § 207(a)(1). That Section provides the following: "Except as otherwise provided in this section, no employer shall employ any of his employees for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate which is not less than one and one-half times the regular rate at which he is employed."

35. Plaintiff alleges Defendants required Plaintiff, as part of his employment, to work without compensation for all hours worked, to work beyond forty hours per week without the payment of overtime compensation therefore

9

COMPLAINT

and/or to work at a wage less than the minimum wage, pursuant to, inter alia, 29 U.S.C. §§ 206 and 207(a)(1).

36. Plaintiff's FLSA claims are brought not only for alleged overtime violations, but also for alleged off-the-clock and minimum wage violations as well. Indeed, in the performance of his duties for Defendants, Plaintiff often did work over forty hours per week, yet did not receive straight or overtime compensation for the work, labor and services they provided to Defendants, as required by the FLSA. The precise number of unpaid overtime hours will be proven at trial.

37. Defendants' violations of the FLSA were willful and are ongoing. As a result of the foregoing, Plaintiff seeks judgment against Defendants for unpaid wages, including overtime wages owed by Defendants pursuant to 29 U.S.C. §§ 206 and 207, together with an award of an additional equal amount as liquidated damages, and costs, interests, and reasonable attorneys' fees, pursuant to, inter alia, 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION

**Failure to Pay Wages, Labor Code §§ 1194, 1197 and 1197.1**
**(Unpaid Minimum Wages)**

38. Plaintiff re-alleges and incorporates by this reference each of the foregoing paragraphs as if set forth herein.

39. Defendants illegally failed to pay wages and/ or overtime wages, and in so doing, Defendants willfully violated the provisions of Labor Code sections 510, 1194, 1198, 1199, IWC Wage Order and California Code of regulations, Title 8, section 11160(3).

40. Plaintiff seeks all actual, consequential and incidental losses and damages, according to proof, and also, penalties of $100.00 for the initial failure to timely pay minimum wages and $250.00 for each subsequent failure to pay

10
COMPLAINT

minimum wages pursuant to California Labor Code section 1197.1, liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon pursuant to California Labor Code section 1194.2 and all unpaid wages and civil penalties pursuant to California Labor Code section 2699(g) and (g) and 558 in an amount of one hundred dollars ($100) for each violation per pay period for the initial violation and two hundred dollars ($200) per pay period for each subsequent violation, plus costs and attorneys' fees for violation of California Labor Code section 1198.

### THIRD CAUSE OF ACTION

### Failure to Pay Overtime Wages
### (Labor Code §§ 510, 1194, 1198, and 1199, IWC Wage Orders, and Related Violations)

34. Plaintiff re-alleges and incorporates by this reference each of the foregoing paragraphs as if set forth herein.

35. Defendants illegally failed to pay overtime wages, and in so doing, Defendants willfully violated the provisions of Labor Code sections 510, 1194, 1198, 1199, IWC Wage Orders, and California Code of regulations, Title 8, section 11160(3).

36. California law requires employers to pay overtime compensation to all non-exempt employees for all hours worked over eight in a day or forty per week for overtime and over twelve in a day for double-time.

37. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff has sustained damages, including loss of compensation

for overtime worked on behalf of Defendants in an amount to be established at trial, prejudgment interest, and costs and attorney's fees, pursuant to statute and other applicable law.

38. Plaintiff alleges Defendants are liable to Plaintiff for actual damages, statutory damages, and attorneys' fees and costs.

## FOURTH CAUSE OF ACTION

### Wage Statements Violations
### (Labor Code §226(a))

39. Plaintiff re-alleges and incorporates by this reference each of the foregoing paragraphs as if fully set forth herein.

40. Section 226(a) of the California Labor Code requires Defendants to itemize all wage statements deductions from payment of wages and to accurately report total hours worked by Plaintiff.  Defendants have knowingly and intentionally failed to comply with Labor Code section 226(a) on each and every wage statement provided to Plaintiff.

41. California Labor Code § 226(a) sets forth reporting requirements for employers when they pay wages: Every employer shall at the time of each payment of wages, furnish each of his or her employees an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked, (3) the number of piece rate units worked or earned, (4) all deductions, (5) net wages earned, (6) the inclusive dates for the period paid, (7) partial social security

number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

42. As a consequence of Defendants knowing and intentional failure to comply with Labor Code section 226(a), Plaintiff is entitled to actual damages or penalties not to exceed $4,000.00 pursuant to Labor Code section 226(b), together with interest thereon and attorneys' fees and costs.

43. Plaintiff alleges Defendants are liable to Plaintiff for actual damages, statutory damages, and attorneys' fees and costs.

## FIFTH CAUSE OF ACTION

### Failure to Pay Wages of Terminated Employees
### (Labor Code § 201-203)

44. Plaintiff re-alleges and incorporates by this reference each of the foregoing paragraphs as if fully set forth herein.

45. As of the filing of the Complaint, Defendants failed to timely pay wages due, and Plaintiff is owed penalties pursuant to Labor Code sections 201, 202, 203.

46. Defendants failed to pay Plaintiff without abatement, all wages owed to Plaintiff (as defined by applicable California law) within the time required by applicable California law. Among other things, these employees were never paid any of the overtime compensation referred to in this Complaint, nor were they

paid the other unpaid wages referred to in this Complaint. Defendants' failure to pay said wages within the required time was willful within the meaning of Labor Code section 203.

47. Therefore, each of these employees is entitled to one day's wages for each day he or she was not timely paid all said wages due, up to a maximum of thirty days' wages for each employee. Because none of said employees were ever paid the overtime wages to which they were entitled, and were never paid other unpaid wages referred to in this Complaint, each of said employees is entitled to thirty days' wages.

48. Plaintiff alleges Defendants are liable to Plaintiff for actual damages, statutory damages, and attorneys' fees and costs.

## SIXTH CAUSE OF ACTION

### Violations of the Unfair Competition Law
### (Bus. & Prof. Code, §§ 17200-17208)

49. Plaintiff re-alleges and incorporates by this reference each of the foregoing paragraphs as if fully set forth herein.

50. Defendants' policy and practices alleged herein resulted in the Defendants' failure to pay for all working hours, failure to pay overtime, failure to pay under the terms of the employment agreement, and as mandated by law. Defendants have violated IWC Wage Orders and California Labor Code by engaging in the violations alleged herein, which may be discovered in the course

of litigation, and which constitute unlawful activity prohibited by Business and Professions Code section 17200 *et seq.*

51. The actions of Defendants in failing to pay Plaintiff in a lawful manner constitutes false, unfair, fraudulent and deceptive business practices, within the meaning of Business and Professions Code, sections 17200, *et. seq.*

52. Plaintiff is entitled to an injunction, specific performance under Business and Professions Code, section 17202, and/or other equitable relief against such unlawful practices in order to prevent future loss, for which there is no adequate remedy at law. Plaintiff brings this cause individually subject to Defendants' unlawful acts and practices.

53. As a result of Defendants' unlawful acts, Defendants have reaped and continue to reap unfair benefits at the expense of Plaintiff. Defendants should be enjoined from this activity, caused to specifically perform their obligations, and made to disgorge these ill-gotten gains, and restore to Plaintiff of the public wrongfully withheld wages and/or other moneys pursuant to Business and Professions Code, sections 17200 *et seq*. Plaintiff is informed and believes, and on that basis alleges, that Defendants are unjustly enriched through their failure to provide wages and overtime wages to Plaintiff.

54. Plaintiff is informed and believes, and on that basis alleges, that Plaintiff was prejudiced by Defendants' unfair trade practices.

COMPLAINT

55. As a direct and proximate result of the unfair business practices of Defendants, and each of them, Plaintiff is entitled to equitable and injunctive relief, including full restitution, specific performance, and/or disgorgement of all wages which have been unlawfully withheld from Plaintiff as a result of the business acts and practices herein, and enjoining of Defendants to cease and desist from engaging in the practices described herein.

56. The illegal conduct alleged herein is continuing and there is no indication that Defendants will discontinue such activity in the future. Plaintiff alleges that if Defendants is not enjoined from the conduct set forth in this Complaint, Defendants will continue to fail to pay wages owed.

57. Plaintiff further requests that the court issue a preliminary and permanent injunction prohibiting Defendants from continuing to fail to pay all wages owed.

58. Plaintiff alleges Defendants are liable to Plaintiff for actual damages, statutory damages, and attorneys' fees and costs.

## SEVENTH CAUSE OF ACTION

### Injunction

59. Plaintiff incorporates all previous paragraphs of this complaint as though fully set forth herein.

60. Plaintiff seeks injunctive relief to prohibit the continuing unlawful acts alleged herein.

61. Defendants' practices caused Plaintiff to suffer damages, and continue to cause wage and hour damages, fees and costs to members of the proposed class who currently still work for Defendants.

62. Plaintiff seeks to enjoin Defendant from continuing their ongoing wage and hour violations at Defendants' and Defendants' client's places of business.

63. Plaintiff does not have a plain, speedy, and adequate remedy in the ordinary course of law, other than the requested injunctive relief.

## EIGHTH CAUSE OF ACTION

### Violation of the Private Attorneys General Act
### (Labor Code §§ 2698)

64. Plaintiff re-alleges and incorporates by this reference each of the foregoing paragraphs as if fully set forth herein.

65. As a result of the acts alleged above, Plaintiff seeks penalties under all Labor Code Sections, including but not limited to, 201, 202, 203, 226, 226.7, 226.8, 510, 512, 1174, 1175, 1182.12, 1194, 1197, 1197.1, 1198, 1199, and 2802.

66. For each such violation, Plaintiff is entitled to penalties in an amount to be shown at the time of trial subject to the following formula.

  1. For $100 for the initial violation per pay period.

    2. For $200 for each subsequent violation per pay period.

67. These PAGA penalties shall be allocated 75% to the Labor and Workforce Development Agency ("LWDA") and 25% to the affected employee.

68. Plaintiff filed a PAGA complaint online with the LDWA on or about October 22, 2019, and served Defendant by certified mail as prescribed by the Labor Code. Plaintiff seeks penalties as though the LWDA decided not to investigate pursuant to Labor Code §2699.3(a)(2)(A).

69. Defendant has violated and continues to violate Labor Code sections 201, 202, 203, 226, 226.7, 226.8, 510, 512, 1174, 1175, 1182.12, 1194, 1197, 1197.1, 1198, 1199, and 2802 as it pertains to Plaintiff.

70. Plaintiff requests relief as described in the Prayer alleged *supra*, herein.

## IV.
## PRAYER FOR RELIEF

Plaintiff prays as follows:

1. That the Court determine that the failure of the Defendant to pay compensation to the Plaintiff be adjudged and decreed to violate the applicable IWC Wage Orders, regulations and statutes;

2. That the Defendant be ordered to pay and judgment be entered for wages for Plaintiff according to proof;

3. That the Defendant be ordered to pay and judgment be entered for overtime wages, to Plaintiff according to proof;

4. That the Defendant be ordered to pay and judgment be entered for liquidated damages under Labor Code section 1194.2 to Plaintiff according to proof:

5. That the Defendant be ordered to pay and judgment be entered for Labor Code section 226 penalties to Plaintiff according to proof;

6. That the Defendant be ordered to pay and judgment be entered for Labor Code section 226(f) penalties to Plaintiff according to proof;

7. That the Defendant be ordered to pay and judgment be entered for Labor Code section 203 penalties to Plaintiff according to proof;

8. That the Defendant be found to have engaged in unfair competition in violation of Business and Professions Code, section 17200;

9. That the Defendant be ordered and enjoined to pay restitution to Plaintiff due to the Defendant's unlawful and unfair competition, including disgorgement of their wrongfully obtained profits, wrongfully withheld wages according to proof, and interest thereon pursuant to Business and Professions Code, sections 17203 and 17204;

10. That Defendant be enjoined from further acts of unfair competition and specifically from failing to pay compensation to Plaintiff;

11. That Plaintiff be awarded Attorneys' fees and costs pursuant to statute, including but not limited to Labor Code, section 1194 and Code of Civil Procedure, section 1021.5;

12. Otherwise determine the appropriate remedy to compensate Plaintiff, as required to promote fairness and justice, including but not limited to establishing procedures for compensation, compensation amounts and fluid recovery if appropriate;

13. Prejudgment Interest; and

14. Any other relief this court deems proper.

COMPLAINT

1 | DATED:  February 6, 2020  **HAMNER LAW OFFICES, APLC**

*Christopher J. Hamner*
By:  Christopher J. Hamner, Esq.
Attorneys for Plaintiff Anthony Shelton, and the proposed class

COMPLAINT